J-S23034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| MADYERE GUNN | : |
| | : |
| Appellant | : No. 3126 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 8, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004124-2024

BEFORE: LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 31, 2026**

Appellant, Madyere Gunn, appeals the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County after he entered a guilty plea to simple assault.[1] He challenges the voluntariness of his guilty plea and the discretionary aspects of his sentence. Upon review, we affirm.

On October 23, 2024, Appellant entered his guilty plea to simple assault. **See** N.T. Guilty Plea Hearing, 10/23/24, 10. In his oral guilty plea colloquy, he agreed that, on March 22, 2024, he punched a man named Michael Flood, one time at a bar, knocking Mr. Flood unconscious, and that the assault was recorded on video. **See id.** at 9. As a result of the assault, Mr. Flood was hospitalized for multiple days and sustained bleeding on his brain that "may

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a).

have [caused] some brain damage." *Id.* Appellant entered the guilty plea without an agreement as to a sentencing recommendation and the Commonwealth agreed to *nolle prosse* additional charges of aggravated assault and recklessly endangering another person in exchange for the plea.[2] *See* Written Guilty Plea Colloquy, 10/23/24, § 13; Trial Disposition and Dismissal Form, 10/23/24, 1. Sentencing was deferred for the preparation of a pre-sentence investigation report. *See* N.T. Guilty Plea Hearing, 10/23/24, 10-11.

On January 8, 2025, Appellant appeared for sentencing. Mr. Flood testified that, as a result of the assault, he sustained a fractured skull, a fractured eye socket, and multiple brain bleeds, injuries which caused him to miss weeks of school and prevented him from graduating "on time" from Temple University and finishing an internship. N.T. Sentencing Hearing, 1/8/25, 7-8. Mr. Flood noted that he still suffered from terrible headaches and anxiety in public due to the assault, that he had neurological injuries that would take years for a full recovery, and that the assault affected various aspects of his life, including preventing him from maintaining a normal work schedule. *See id.* at 8-9. The plea court sentenced Appellant to six to twenty-four months' imprisonment.[3] *See id.* at 15; Order (sentencing), 1/8/25, 1.

_____

[2] 18 Pa.C.S. §§ 2702(a)(1) and 2705, respectively.

[3] The minimum term was at the top of the standard range recommended by the Sentencing Guidelines: three to six months' imprisonment. *See* N.T.
*(Footnote Continued Next Page)*

On January 13, 2025, Appellant timely filed a counseled post-sentence motion, seeking reconsideration of his sentence, and his plea/sentencing counsel filed a motion to withdraw from representation. *See* Motion for Reconsideration of Sentence, 1/13/25; Motion to Withdraw as Counsel, 1/13/25. During the 120-day period for consideration of the timely post-sentence motion, new counsel entered his appearance and filed a supplemental motion for reconsideration of sentence. *See* Supplemental Post-Sentence Motion, 4/26/25. On May 13, 2025, the post-sentence motions were denied by operation of law. *See* Order (denial of post-sentence motions). Appellant did not file a timely notice of appeal. After he filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"), the plea court, sitting as the PCRA court, reinstated his direct appeal rights *nunc pro tunc* on December 5, 2025. *See* PCRA Petition, 8/30/25, 1-3; Memorandum of Law, 8/30/25, 1-3; Plea Court Opinion, 2/4/26, 2. Following the reinstatement of the appeal rights, Appellant timely filed a notice of appeal. *See* Notice of Appeal, 12/8/25, 1. Appellant and the plea court subsequently satisfied their obligations under Pennsylvania Rule of Appellate Procedure 1925(b). *See* Order (Rule 1925(b)), 12/16/25, 1; Rule 1925(b) Statement, 12/16/25, 1; Plea Court Opinion, 2/4/26, 1-6.

_____

Sentencing Hearing, 1/8/25, 4 (counsel agreeing that Appellant had a prior record score of three and his simple assault conviction had an offense gravity score of seven); 204 Pa. Code § 303a.9 (8th ed.) (offense listing identifying an offense gravity score of seven for simple assault as a misdemeanor of the second degree involving an attempt to cause or the causation of bodily injury); 204 Pa. Code § 303a.14 (8th ed.) (applicable sentencing matrix).

Appellant presents the following questions for our review:

1.      Whether a judgment of sentence may stand where the court accepted a guilty plea before establishing on the record the sentencing framework governing punishment, and first articulated that framework at sentencing[?]

2.      Whether the record demonstrates a knowing, voluntary, and intelligent plea where the plea paperwork reflected one scoring structure, counsel's response to the court's [prior record score, the ]first inquiry conveyed a different prior record score at sentence, and the court never reconciled the discrepancy before imposing sentence[?]

3.      Whether the court abused its discretion by imposing a sentence of confinement with a statutory-maximum tail after emphasizing injury and impact to the exclusion of the rehabilitative considerations required by 42 Pa.C.S. §[ ]9721(b)[?]

Appellant's Brief, 7.

Appellant addresses the first two questions together in the first argument section of his brief challenging the validity and the voluntariness of his guilty plea, in violation of Pennsylvania Rule of Appellate Procedure 2119(a). **See** Appellant's Brief, 11-12. He alleges that his plea was invalid and involuntary because the wrong applicable Sentencing Guideline range was noted on the "Commonwealth's Certification" section of his written guilty plea colloquy: the notation identified an offensive gravity score of three and a guideline range of twelve months of probation and one to three months of restrictive conditions, plus or minus six months of probation for aggravating or mitigating circumstances ("12 P 1-3 +/-6"), where his offense had an offense gravity score of seven and a standard recommended range of three to

six months' imprisonment, plus or minus three months of imprisonment for aggravating or mitigating circumstances. *See id.*; Written Guilty Plea Colloquy, 10/23/24, 7; *compare with* N.T. Sentencing Hearing, 1/8/25, 4. He argues that his plea was invalid because he was not correctly advised as to the applicable Sentencing Guideline range at the time of his guilty plea. *See* Appellant's Brief, 11 ("the plea colloquy advised only the statutory maximum and established no guideline framework.").

Appellant acknowledges that he did not object to his guilty plea colloquy or file any post-sentence motions to withdraw his guilty plea on the basis that it was involuntarily tendered. *See* Appellant's Brief at 11. He appears to be under the impression, however, that he can raise the instant claim for the first time on appeal without any need for preservation before the plea court. *See id.* ("This case, however, concerns the existence of a valid plea rather than discretionary withdrawal."). He is incorrect. In *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013), we held that, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing," otherwise, "[f]ailure to employ either measure results in waiver." *Id.* at 609-10 (citations omitted). Here, where Appellant made no efforts to preserve his challenge to this guilty plea before the plea court, it is waived for purposes of our review. *See* Pa.R.A.P. 302(a) ("Issues not raised

in the trial court are waived and cannot be raised for the first time on appeal.").[4]

In his second claim, Appellant challenges the discretionary aspects of his sentence, alleging that: (1) the sentence is "manifestly excessive"; (2) the plea court imposed the term "without adequate consideration of [his] rehabilitative needs and without explaining why a lesser sentence was insufficient"; and (3) the court imposed an imprisonment term that exceeded the "applicable guideline ranges discussed at the plea proceeding and stated on the record at sentencing." **See** Appellant's Brief, 13-14.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Lawrence**, 313 A.3d 265, 284 (Pa. Super. 2024) (citation and internal brackets omitted). "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal."

---

[4] Even assuming *arguendo* that Appellant preserved this claim for review, he cites no supporting law to suggest that his failure to be notified of the applicable Sentencing Guideline range implicated the voluntariness of his guilty plea. We note that the underlying theory for his claim is contracted by our binding precedent. **See Commonwealth v. Fowler**, 893 A.2d 758, 765 (Pa. Super. 2006) ("there is no legal requirement that a defendant be aware of the guideline ranges in order to enter a valid guilty plea"). Moreover, the case he relies upon, **Commonwealth v. Persinger**, 615 A.2d 1305, 1308 (Pa. 1992), requires that a defendant be informed, prior to entering the plea, of the statutory maximum sentence that could be imposed, and does not require the court to apprise a defendant of Sentencing Guideline ranges. **See** Appellant's Brief, 11, **citing Persinger**.

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2015) (*en banc*).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by[:] (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with [Pennsylvania Rule of Appellate Procedure] 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. An appellant must satisfy all four requirements.

***Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022) (internal citations omitted).

Appellant satisfied the first requirement where he timely filed his notice of appeal within thirty days of the reinstatement of his direct appeal rights. ***See*** Notice of Appeal, 12/8/25, 1. As for the second requirement – issue preservation – Appellant raised no objections to his sentence at the conclusion of his sentencing hearing and his initial post-sentence motion only requested a modification of sentence based on the assertion that the sentencing court was "in a better position to determine when [Appellant] should be paroled than the [s]tate [p]arole [b]oard." ***See*** Motion for Reconsideration of Sentence, 1/13/25, ¶ 5; N.T. 1/8/25, 15-16. Accordingly, we must look to

Appellant's supplemental post-sentence motion for the preservation of his instant arguments on appeal.[5]

In his supplemental post-sentence motion, Appellant asserted that his sentence was "more than necessary and [] excessive in light of [] mitigation that was presented by" the defense and that the sentence was "more than necessary to protect the public, vindicate the victim, and rehabilitate the defendant." Supplemental Post-Sentence Motion, 4/26/25, ¶¶ 10, 13. We find that those assertions preserved Appellant's instant arguments that his sentence is "manifestly excessive" and that it was imposed "without adequate consideration of [his] rehabilitative needs." *See* Appellant's Brief, 13-14. Conversely, we conclude that Appellant waived, for lack of preservation, his remaining arguments that the sentencing court failed to provide an adequate explanation for the sentence, misapplied the Sentencing Guidelines, and imposed a sentence that exceeded the recommendations of the guidelines.

_____

[5] Pursuant to Pennsylvania Rule of Criminal Procedure 720(B)(1)(b), Appellant was permitted to "file a supplemental post-sentence motion in the judge's discretion" so "long as the decision on the supplemental motion [could] be made in compliance with the time limits" for deciding the initial timely-filed post-sentence motion. *See* Pa.R.Crim.P. 720(B)(1)(b). Here, the supplemental post-sentence motion was filed while a decision on the initial post-sentence motion was pending and the court's subsequent order noted that the post-sentence motion, "including supplemental motions," was denied. Order (denying post-sentence motion), 5/13/25, 1. As the sentencing court's denial order contemplated the denial of supplemental post-sentence motions, we conclude that Appellant was granted leave for consideration of his supplemental post-sentence motion at the discretion of the plea court, and thus the supplemental post-sentence motion was capable of preserving Appellant's arguments for the instant discretionary sentencing claim.

*See Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015) (trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion); Pa.R.A.P. 302(a); Pa.R.Crim.P. 720(B)(1)(a) (noting with respect to post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity"); *see, e.g.*, *Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (concluding that Mann waived his discretionary aspects of sentencing claim regarding the sentencing court's failure to state the reasons for his sentence on the record where Mann's post-sentence motion only argued that his sentence was unduly severe and that the trial court abused its discretion under the Sentencing Code).

As for the third requirement for our review, Appellant did not include a separate section in his brief pursuant to Rule 2119(f) and, instead, merely labeled the first paragraph of the last part of the argument section of his brief, presenting his discretionary sentencing claim, as a "Pa.R.A.P. 2119(f) Statement," and addressed the existence of a substantial question for review in that paragraph. Appellant's Brief, 13. Pursuant to Rule 2119(f), the separate section required under that rule should have immediately preceded the argument section of the brief, rather than be interposed, as here, within the argument section of Appellant's brief. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) ("Appellant failed to include a separate Rule 2119(f) statement in his brief, *immediately preceding the argument section*.") (emphasis added). While we do not approve of

Appellant's attempt to discuss the reasons for granting appeal pursuant to Rule 2119(f) within the argument section of his brief, we decline to find that the absence of a separate Rule 2119(f) statement constitutes a waiver of Appellant's challenge to the discretionary aspects of his sentence. **See Commonwealth v. Reynolds**, 835 A.2d 720, 733 (Pa. Super. 2003) (where Reynolds failed to provide a separate Rule 2119(f) statement in his brief but instead raised a challenge to the discretionary aspect of sentence in the first paragraph of the argument portion of his brief on this issue, "we shall consider this first paragraph in the argument portion of [Reynolds's] brief on this issue as [Reynolds's] Rule 2119(f) statement").

With respect to the last requirement for invoking this Court's jurisdiction, we conclude that the preserved portions of Appellant's claim, a combined assertion that the sentencing court imposed an excessive term and did so by not adequately considering his rehabilitative needs, presents a substantial question for our review. **See Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"). Because we find that the preserved arguments raise a substantial question under **Raven**, we grant Appellant's petition for allowance of appeal and consider the merits of the claim.

Our standard of review in this context is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

- 10 -

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court if it finds:

(1)  the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2)  the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3)  the sentencing court sentenced outside the guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c). In reviewing the record, we consider:

(1)  The nature and circumstances of the offense and the history of the defendant.

(2)  The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)  The findings upon which the sentence was based.

(4)  The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Here, Appellant's sentence falls within the standard range recommended by the Sentencing Guidelines where his six-month minimum imprisonment term is at the top of the guideline's recommended standard range. *See* 204 Pa. Code § 303a.5(c)(3)(iii)(B)(III) ("Unless otherwise designated, the range of months in the standard range refers to the recommended minimum term of confinement.") (8th ed.). For relief, Appellant must demonstrate that the application of those guidelines would be clearly unreasonable. *See* 42 Pa.C.S. § 9781(c)(2). He fails to do that here.

While Appellant alleges that his sentence was manifestly excessive, the imprisonment term at issue is presumed to be an appropriate sentence based on the fact that it falls within the guidelines' standard range. *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"). Additionally, in spite of Appellant's assertion that the sentencing court failed to give adequate consideration of his rehabilitative needs, we must presume, based on the plea court's review of a pre-sentence investigation report, that the court was aware of the appropriate sentencing factors, including his rehabilitative needs, and appropriately weighed those factors. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where the pre-sentence reports exists, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character

and weighed those considerations along with mitigating statutory factors."); *id.* ("Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed … in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations … we will presume also that the weighing process took place in a meaningful fashion"); *see also* 42 Pa.C.S. § 9721(b) (including "the rehabilitative needs of the defendant" among the statutory factors for imposing a term of total confinement).

To overcome the applicable presumptions, Appellant argues that his sentence is "functionally punitive rather than rehabilitative" and that his imprisonment term was inconsistent with the fact that he "pled guilty, accepted responsibility, … and express[ed] remorse." Appellant's Brief, 14. He also asserts that "[t]he record does not demonstrate why a lesser sentence would have been inadequate" and that the court's reasoning for the sentence was focused "primarily on [the victim's] injury and [the] impact [on the victim] rather than [an] individualized sentencing." *Id.* The plea court's opinion, however, demonstrates that the court appreciated his remorse but determined that his violent behavior required a sentence of the instant term's length in order to address both his needs for rehabilitation and the need for protecting the public:

> This [c]ourt took into consideration Appellant's genuine remorse, and the fact that he only hit the victim one time. Unfortunately, although Appellant only struck the victim once, he hit the victim in the back of the head with such force that the victim suffered serious injuries. Moreover, Appellant's behavior indicates that he

is not amenable to less restrictive sentencing measures. At the time of this incident, Appellant was on house arrest for a firearms case. Appellant chose to violate the terms of his house arrest and go to a bar. Once at that bar, he chose to engage in violent behavior. It is therefore clear that the less restrictive sentences have failed to rehabilitate Appellant, and that a period of state confinement is necessary for rehabilitation and protection of the public.

Plea Court Opinion, 2/4/26, 6 (record citation omitted).

Upon review of the sentencing court's explanation for its sentence, we conclude that Appellant has failed to demonstrate that his sentence is clearly unreasonable and constitutes an abuse of discretion. Appellant's arguments do not materially address the court's explanation for the sentence, and his claim merely asks us to reweigh the factors considered by the plea court. This Court will not do that, and instead defers to the judgment of the sentencing court in these respects. *See Commonwealth v. Verma*, 334 A.3d 941, 947 (Pa. Super. 2025) ("this Court cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court" where the sentencing court "was fully aware of all mitigating factor") (citation and internal quotation marks omitted); *see also Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (noting that a sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it") (citation omitted). Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/31/2026</u>